<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THOMAS I. GAGE,<br><br>    Plaintiff,<br><br>  v.<br><br>BOROUGH OF HOPATCONG, WILLIAM DONEGAN, PETER A. FICO, MORRIS COUNTY MUNICIPAL JIF, MUNICIPAL EXCESS JIF, and JOHN K. RUSCHKE, P.E.,<br><br>    Defendant. | Case No. 2:25-cv-3696 (BRM) (SDA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant John K. Ruschke, P.E.'s and Defendants Borough of Hopatcong, William Donegan, Municipal Court Judge Peter A. Fico, Morris County Municipal JIF, and Municipal Excess JIF's (collectively, the "New Defendants") respective Motions to Dismiss (ECF No. 12; ECF No. 27) *pro se* Plaintiff Thomas I. Gage's Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Plaintiff filed oppositions to both motions. (ECF No. 25; ECF No. 28.) Ruschke filed a reply. (ECF No. 26.) Also before the Court is Gage's Motion for Default Judgment against the Borough of Hopatcong. (ECF No. 29.) Having reviewed and considered the submissions filed in connection with the motions and having declined to hold oral argument in accordance with Local Civil Rule 78.1(b), for the reasons set forth below and for good cause shown, Ruschke's Motion to Dismiss is **GRANTED**, New Defendants' Motion to Dismiss is **GRANTED**, Gage's Motion for Default Judgment is **DENIED**, and the Complaint is **DISMISSED WITH PREJUDICE**.

## I.    BACKGROUND

For the purpose of these Motions to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Gage. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court will also consider any "document integral to or explicitly relied upon in the [C]omplaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). Finally, the Court may take notice of matters of public record, including any prior judgments or pleadings. *See Brunetta v. Egg Harbor Twp. Sch. Dist.*, Civ A. No. 22-7511, 2023 WL 5274529, at *4 (D.N.J. Aug. 16, 2023).

This matter has a protracted factual and procedural history, involving three prior and related actions in this District.[1] *See generally Gage v. New Jersey Dep't of Env't Prot. ("Gage I")*, Civ. A. No. 21-110763, 2022 WL 254599 (D.N.J. Jan. 27, 2022); *Gage v. New Jersey Dep't of Env't Prot.* ("*Gage II*"), Civ. A. No. 21-10763, 2022 WL 4540834. (D.N.J. Sept. 28, 2022); *Gage v. New Jersey Dep't of Env't Prot. ("Gage III")*, Civ. A. No. 23-21264, 2024 WL 1076675 (D.N.J. Mar. 12, 2024); *Gage v. New Jersey Dep't of Env't Prot. ("Gage IV")*, Civ. A. No. 23-21264, 2024 WL 4544366 (D.N.J. Oct. 22, 2024); *New Jersey v. Gage ("Gage V")*, Civ. A. No. 21-13180, 2022 WL 16856945 (D.N.J. Nov. 10, 2022). As the parties are intimately familiar with the facts

---

[1] Gage has also filed sixteen pleadings in this District alone arising out of his alleged ownership of the real property located at 51 Hillcrest Boulevard, Warren ("51 Hillcrest Blvd."). *See Gage I*, 2022 WL 254599, at *1 n.1. These actions arose out of challenges to the development of property adjacent to 51 Hillcrest Boulevard and the foreclosure of a mortgage and have included numerous parties, including but not limited to the developer, the planning board, the court reporter who transcribed the planning board proceedings, the mortgage holder, the attorneys who represented the parties in these actions, the judges who ruled against Gage, the New Jersey judiciary, and Somerset County. "To date, none have been meritorious." *Id.* at *1.

and procedural history of this matter, the Court incorporates and supplements the relevant factual and procedural background sections set forth in the prior opinions herein.

### A.    Factual Background

In 2019, Gage purchased the undeveloped property located at 14 Brown Trail, Hopatcong, New Jersey. (ECF No. 1 ¶¶ 15, 18.) Gage subsequently submitted a land development application to the Hopatcong Land Use Board (the "Board") to construct a two-story single-family dwelling. (*Id.* ¶ 23; ECF No. 1-2 at 7–8.) As the undeveloped lot is smaller than the minimum lot size required to construct a single-family home, Gage sought variances from the Board. (*See, e.g.*, ECF No. 1-2 at 7–8.) Ruschke is the Vice President of the engineering firm Mott MacDonald, LLC and served as the Borough of Hopatcong (the "Borough") Engineering and Land Use Board Engineer (the "Borough Engineer"). (ECF No. 1 ¶ 6.) As the Borough Engineer, Ruschke subsequently reviewed Gage's application and deemed it "incomplete" for failure to "address certain municipal codes regarding wetlands and critical areas." *Gage I*, 2022 WL 254599 at *3; (*accord* ECF No.1 ¶ 26.)

Gage then submitted an amended land development application, which again failed to address the relevant municipal codes regarding wetlands and critical areas. *Gage I*, 2022 WL 254599 at *3; (*accord* ECF No. 1 ¶ 45). In response, Gage requested the Board conduct a completeness hearing. *Id.* The Board reviewed the amended application and deemed it "incomplete" for failure to address the relevant municipal codes regarding wetlands and critical areas.[2] (*Id.* ¶ 26; *see also* ECF No. 1-2 at 24–25.)

---

[2] Prior to the hearing, Gage requested Ruschke recuse himself based on an alleged connection between Mott MacDonald and Somerset County, and a then-pending action in this District between Gage and Somerset County. (*See* ECF No. 1, ¶¶ 24–26; *see also* ECF No. 1-2 at 4–5 (claiming prior to the application Ruschke was unfamiliar with Gage).) In June 2020, the Board declined to recuse Ruschke from the matter. (ECF No. 1, ¶ 26; *see also* ECF No. 1-2 at 24–25.)

Gage subsequently submitted a second amended land development application, which Ruschke again deemed "incomplete" for failure to address certain municipal codes. (*See* ECF No.1 ¶ 47.) In October 2020, the Board reviewed the second amended application. (*Id.* ¶ 28; *see also* ECF No. 1-2 at 6–8.) The Board noted 14 Brown Trail is a low point on the adjacent street and stormwater discharges from the street and adjacent properties through 14 Brown Trail to the rear of the property. (*See* ECF No. 1-2 at 7–8.) Although the Board would not permit Gage to alter the topography of 14 Brown Trail to push the stormwater onto the adjacent properties, the Board would permit Gage to install a pipe to drain and discharge the stormwater from the street to the rear of the property. (*See id.* at 78.) The Board deemed the application "complete" contingent on certain conditions. (ECF No. 1 ¶ 28; *see also* ECF No. 1-2 at 6–8.) Most notably, Gage was required to provide a wetlands letter of interpretation ("LOI") from the New Jersey Department of Environmental Projection (the "NJDEP") "confirming that any disturbance would not require approvals." (*See* ECF No. 1 ¶ 32.)

Gage subsequently requested a LOI from the NJDEP showing "any land developments would not disturb protected wetlands." *Gage I*, 2022 WL 254599 at *3. In response, the NJDEP issued a LOI determining "State open waters, freshwater wetlands and their associated transition areas are present on and adjacent to the referenced property." *Id.*; (*accord* ECF No.1-2 at 18.) Gage did not appeal the NJDEP determination. *Gage I*, 2022 WL 254599 at *3.

In May 2021, Hopatcong zoning officer William E. Donegan III inspected 14 Brown Trail based on allegations of local zoning ordinance violations. *Gage V*, 2022 WL 16856945 at *2. That same day, the Borough issued a notice to Gage for an alleged violation of local zoning ordinance 242-72A—erecting a structure on the property without the appropriate permit—relating to the installation of a shed on the property. *Id.* (citing HOPATCONG BOROUGH MUN. CODE, N.J. § 242-

72A (1999)). The Borough subsequently issued a zoning violation ticket to Gage for his violation of ordinance 242-72A. *See id.* at *1.

On October 17, 2024, Donegan inspected 14 Brown Trail based on allegations of violations of various local zoning ordinances. (ECF No. 1 ¶¶ 7–9, 55–62; ECF No. 1-2 at 22–23, 31.) That same day, the Borough issued Gage a notice for alleged violations of various local zoning ordinances, including but not limited to ordinance 147-17—failing to maintain the property free of litter—and ordinance 242-14A—using the property for storage without a principal building. (ECF No. 1 ¶ 58; *accord* ECF No. 1-2 at 22–23.)

On November 6, 2024, the Borough issued several zoning violation tickets to Gage for his violations of ordinances 147-17 and 242-14A. (ECF No. 1-2 at 44). The summons requested Gage "stop using the property as a work lot" and clear the property of the "truck," "equipment," "materials," "lit[t]er/debris," "garbage bags," and "hot tub" until such time he is "able to secure the appropriate permit to construct a dwelling." (*Id.* at 41.)

In December 2024, Gage repeatedly emailed various individuals employed by the Borough, including but not limited to Ruschke and Donegan, notifying them he had secured the appropriate permit as the Board had deemed his land development application "complete" contingent on him obtaining a LOI from the NJDEP showing his development of the land would not disturb protected wetlands. (*Id.* at 12-18); *accord Gage I*, 2022 WL 254599 at *3. Gage alleged he had successfully obtained such a LOI because he concluded the NJDEP determination that protected wetlands were in fact on the property was "fraudulent" and, as such, null and void. (*See* ECF No. 1-2 at 14, 17.)

Judge Fico subsequently conducted a hearing relating to the violations of ordinances 147-17 and 242-14A.[3] (*See* ECF No. 1 ¶¶ 10, 63–64.)

**B.    Procedural History**

On May 1, 2025, Gage filed the Complaint against Ruschke, the Borough, Donegan, and Judge Fico. (*See generally id.*) He also filed the Complaint against Morris County Municipal JIF ("MCM") and Municipal Excess Liability JIF ("MEL"), which are insurance providers that allegedly administer insurance policies issued to the Borough. (*Id.* ¶¶ 11, 67–80.) Although difficult to discern,[4] the Complaint appears to allege the following causes of action: (1) the Borough and/or Ruschke violated Gage's constitutional rights by denying his land development applications (*id.* ¶¶ 32–54, 112–21); (2) the Borough has "taken" 14 Brown Trail without just compensation for purposes of discharging stormwater runoff (*id.* ¶¶ 67–80, 86–111, 122–33); and (3) the Borough, Donegan, and Judge Fico issued and pursued fraudulent zoning violation tickets for purposes of retaliation (*id.* ¶¶ 55–85).[5] Gage raises no individual cause of action against either MCM or MEL. (*See id.* ¶¶ 134–35.)

On May 29, 2025, Ruschke filed his Motion to Dismiss the causes of action against him with prejudice pursuant to Rule 12(b)(6). (ECF No. 12.) Specifically, Ruschke moves to dismiss the causes of action against him based on the doctrine of *res judicata*, arguing the claims were

---

[3] Neither the Complaint nor the motions to dismiss discuss the outcome of the hearing conducted by Judge Fico. (*See generally* ECF No. 1, ¶¶ 63–64.)

[4] As Gage is appearing *pro se*, the Court will liberally construe the Complaint. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Additionally, the Court will apply the pertinent law to the Complaint, "irrespective of whether a *pro se* litigant has mentioned [the pertinent law] by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002).

[5] The Complaint also appears to request the Court to enter an order requiring the Municipal Court to conduct its trial before a jury. (ECF No. 1, ¶ 6.)

fully litigated in the prior actions. (*See* ECF No. 12-2 at 5–9.) Ruschke also requests the Court to issue sanctions *sua sponte* based on his repeated filings pursuant to Rule 11. (ECF No. 12.)

Gage filed his opposition on July 23, 2025. (ECF No. 25.) Gage seems to argues the doctrine of *res judicata* should not apply as the Complaint includes "newly-discovered evidence[] alleging new facts and worsening of the earlier conditions." (*See id.* ¶¶ 29–32.) Specifically, Gage appears to argue that the cause of action against Ruschke is based on the issuance of the zoning violation tickets, which would not have occurred but for Ruschke's erroneous determinations as to the three land development applications. (*See id.* ¶¶ 29–32, 60–64.) Gage also argues sanctions should not be granted as the right to petition the Court, for redress is protected under the First Amendment. (*See id.* ¶¶ 17–21.) Ruschke filed his reply on August 1, 2025. (ECF No. 26.)

On August 4, 2025, New Defendants filed their Motion to Dismiss pursuant to Rule 12(b)(6). (ECF No. 27.) Like Ruschke, the New Defendants move to dismiss the causes of action against them with prejudice based on the doctrine of *res judicata* arguing the claims were fully litigated in the prior actions against Ruschke and the New Defendants are parties that were in privity with Ruschke in the prior actions. (*Id.* at 7–16.) Gage filed his opposition on August 19, 2025.[6] (ECF No. 28.)

---

[6] Gage's opposition to New Defendants' motion to dismiss is erroneously titled a "Rule 3.28 District Court Write of Mediation." (*See generally* ECF No. 28.)

### C.    Related Cases

#### 1.    Gage I & II

On May 5, 2021, Gage filed a Complaint against the NJDEP and Ruschke in this District alleging eleven causes of action. *See generally Gage I*, 2022 WL 25499 at *2. The NJDEP filed a motion to dismiss pursuant to Rule 12(b)(1) based on the Court's lack of subject matter jurisdiction under the Eleventh Amendment; and Ruschke filed a motion to dismiss pursuant to Rule 12(b)(6) based on a qualified immunity defense. *Id.* In response, Gage filed a motion to compel discovery and to amend the Complaint. *Id.* at *1.

On January 27, 2022, the Honorable Michael A. Shipp, U.S.D.J., granted the motions to dismiss and dismissed the causes of action against the NJDEP under the Eleventh Amendment; and against Ruschke under his qualified immunity defense. *See generally id.* at *3–4. Gage subsequently moved for reconsideration, which Judge Shipp denied on September 28, 2022. *See generally Gage II*, 2022 WL 4540834. Although Judge Shipp declined to impose sanctions at the time, he warned Gage "any future frivolous filings may be met with *sua sponte* sanctions, including payment of opposing counsels' fees." *See id.* at *1 n.1.

#### 2.    Gage III & IV

On March 30, 2022, Gage filed a second Complaint against the NJDEP and its employees Shawn M. LaTourette, Christopher Squazzo, and Stepehen M. Dench, and Ruschke, and his employer Mott MacDonald in the United States District Court for the District of Columbia, asserting fourteen causes of action. *Gage III*, 2024 WL 1076675 at *1–2. The NJDEP filed a motion to dismiss pursuant to both Rule 12(b)(1) based on improper venue and Rule 12(b)(6) based on sovereign and qualified immunity defenses. *Id.* at *5–7. Ruschke and his employer filed a motion to dismiss pursuant to Rule 12(b)(6) based on the doctrines of *res judicata* and collateral

estoppel, *id.* at *3–4. In response, Gage filed oppositions to both motions to dismiss. *Id.* at *2. On September 27, 2023, the Honorable Carl J. Nichols, U.S.D.J., transferred the matter to this District. *Id.* Following the transfer, both motions to dismiss were subsequently re-opened. *Id.*

On March 12, 2024, the Honorable Robert A. Kirsch, U.S.D.J., granted the motions to dismiss and dismissed the causes of action with prejudice against the NJDEP and its employees under sovereign and qualified immunity defenses respectively, *id.* *5–7, and against Ruschke and his employer under *res judicata*, *id.* at *3–4. Although Judge Kirsch declined to impose sanctions, he warned Gage that it was his "second strike" and "[i]f there [wa]s a third strike, the Court w[ould] not hesitate to impose sanctions on [him]." *Id.* at *7 n.9. Gage subsequently moved to extend the time to file a notice of appeal, which Judge Kirsch denied on October 22, 2024. *See generally Gage IV*, 2024 WL 4544366. Notably, Judge Kirsch again warned Gage that the Court would not hesitate to impose sanctions if there is a third strike. *See id.* at *3.

### 3.    Gage V

On June 29, 2021, Gage removed the action regarding the zoning violation ticket for his alleged violation of ordinance 242-72A to this District pursuant to 28 U.S.C. §§ 1331 and 1343. *Gage V*, 2022 WL 16856945 at *1. On June 9, 2022, Gage sought a temporary restraining order seeking a "Cease and Desist Order" against the State and/or the Borough as to the enforcement of local ordinances. *See Id.* On November 10, 2022, the Honorable Georgette Castner, U.S.D.J., remanded the zoning violation ticket for lack of subject matter, diversity, or supplemental jurisdiction. *See generally Gage V*, 2022 WL 16856945.

## II.    LEGAL STANDARD

### A.    Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pleaded; it must include "factual enhancement" and not just conclusory statements or a recitation of the elements of a cause

of action. *Id.* (citations omitted). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, "allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held a court may consider exhibits annexed to the complaint, documents integral to the complaint, and matters of public record, including prior judicial proceedings, without converting the motion to dismiss to one for summary judgment pursuant to Rule 56. *See In re Energy Future Holdings Corp.*, 990 F.3d 728, 737 (3d Cir. 2021); *Fallon v. Mercy Catholic Med. Ctr. of Southeastern Pa.*, 877 F.3d 487, 493 (3d Cir. 2017); *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

### B.    Rule 11

Rule 11 permits a court to impose sanctions on a party who has presented a pleading, motion, or other paper to the court without evidentiary support or for "any improper purpose." Fed. R. Civ. P. 11(b). "[T]he central purpose of Rule 11 is to deter baseless filings in District Court and thus, consistent with the Rule Enabling Act's grant of authority, streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *Reardon v. Murphy*, Civ. A. No. 18-11372, 2019 WL 4727940, at *4 (D.N.J. Sept. 27, 2019).

District courts have the power to enjoin the filing of meritless actions "where the pleadings raise issues identical or similar to those that have been adjudicated." *In re Packer Ave. Assocs.*, 884 F.2d 745, 747 (3d Cir. 1989). However, such injunctions should be "narrowly tailored and sparingly used," *id.*, because "access to the courts is a fundamental tenet to our system[, and] legitimate claims should receive a full and fair hearing no matter how litigious the plaintiff may be." *Abdul-Akbar*, 901 F.2d 329, 332 (3d Cir. 1990) (quoting *In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982)).

There are "several methods of achieving the various goals of Rule 11," including reasonable attorneys' fees, expenses, or nonmonetary directives. *Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988); *see* Fed. R. Civ. P. 11(c)(4). A court is granted broad discretion in choosing the nature and severity of sanctions in a particular case. *See DiPaolo v. Moran*, 407 F.3d 140, 146 (3d Cir. 2005); *Levy v. Jaguar Land Rover N. Am., LLC*, Civ. A. No. 19-13497, 2020 WL 563637, at *8 (D.N.J. Feb. 4, 2020). The rule is intended to discourage the filing of frivolous, unsupported, or unreasonable claims by "impos[ing] on counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.'" *Lieb v. Topstone Indus. Inc.*, 788 F.2d 151, 157

(3d Cir. 1986); *Keyes v. Nationstar Mortg., LLC*, Civ. A. No. 20-2649, 2020 WL 6111036, at *10 (D.N.J. Oct. 16, 2020).

Although a court has inherent powers to sanction misconduct, "resort to these inherent powers is not preferred when other remedies are available." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 189 (3d Cir. 2002) "Therefore, generally, a court's inherent power should be reserved for those cases in which the conduct of a party or an attorney is egregious and no other basis for sanctions exists." *Id.* (citation omitted).

## III.    DECISION

Ruschke and the New Defendants move to dismiss the Complaint with prejudice based on both doctrines of *res judicata*—claim preclusion (*see generally* ECF No. 12-2 at 5–7; *id.* at 11– 13) and issue preclusion (*see generally* ECF No. 27-2 at 7–9; *id.* at 13–16).

Claim preclusion applies both to claims brought in a previous lawsuit and to claims that could have been brought in a previous lawsuit. *Simoni v. Luciani*, 872 F. Supp. 2d 382, 388 (D.N.J. 2012). The doctrine applies when there is: "(1) a final judgment on the merits in a previous lawsuit involving: (2) the same parties or their privies; and (3) a subsequent action based on the same cause of action." *Id.* (citing *Mullarkey v. Tamboer*, 536 F.3d 215, 225 (3d Cir. 2008)). In assessing whether two causes of action are substantively similar, a court considers whether there is an "essential similarity of the underlying events giving rise to the various legal claims." *Id.* at 390 (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 259 (3d Cir. 2010)). In particular, a court assesses whether a party "(1) complains of the same acts; (2) alleges the same material facts in each suit; and (3) requires the same witnesses and documentation to prove such allegations." *Est. of Moore v. Roman*, Civ. A. No. 18-16345, 2019 WL 4745073, at *3 (D.N.J. Sept. 27, 2019) (citing *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 173 (3d Cir. 2009)). A party raising new and

discrete facts is not itself dispositive, rather, a court will still apply claim preclusion to bar the new claims if it finds the new facts arise out of the same transactions, or from connected transactions, which were raised in the previous action. *Moore*, 2019 WL 4745073 at *3 (citing *Elkadrawy*, 584 F.3d at 174).

In contrast, issue preclusion, also known as collateral estoppel, is a doctrine which bars parties from re-litigating an issue determined by a "final and valid" judgment in any future lawsuit. *United States v. Rigas*, 605 F.3d 194, 217 (3d Cir. 2010). Courts assess five factors to determine if issue preclusion bars a claim in a new litigation:

> (1) the identical issue was decided in a prior adjudication; (2) the issue was actually litigated; (3) there was a final judgment on the merits; (4) the determination was essential to the earlier judgment; and (5) the party against whom the doctrine is asserted was a party or in privity with a party to the earlier proceeding.

*Fitzgerald v. Shore Mem'l Hosp.*, 92 F. Supp. 3d 214, 225–26 (D.N.J. 2015). When determining whether an issue is identical between actions, the issues must be "in substance the same." *Pasqua v. Cnty. of Hunterdon*, Civ. A. No. 15-3501, 2017 WL 5667999, at *15 (D.N.J. Nov. 27, 2017). In assessing similarity, courts consider "whether there is substantial overlap of evidence or argument in the second proceeding; whether the evidence involves application of the same rule of law; whether discovery in the first proceeding could have encompassed discovery in the second; and whether the claims asserted in the two actions are closely related." *Strassman v. Essential Images*, Civ. A. No. 17-4227, 2018 WL 1251636, at *5–6 (D.N.J. Mar. 12, 2018) (quoting *First Union Nat'l Bank v. Penn Salem Marina, Inc.*, 921 A.2d 417, 424 (N.J. 2007)).

The Court will consider each motion and type of preclusion in turn.

### A.        Raschke's Motion to Dismiss

Ruschke moves to dismiss the Complaint with prejudice based on the doctrine of claim preclusion arguing a final judgment was entered dismissing causes of action in the prior actions based on the same underlying material facts. (*See generally* ECF No. 12-2 at 5–7.) In response, Gage argues the doctrine of claim preclusion should not apply as the Complaint includes "newly-discovered evidence[] alleging new facts and worsening of the earlier conditions." (*See* ECF No. 25 ¶¶ 29–32.) Specifically, Gage appears to argue that the cause of action against Ruschke is based on issuance of the zoning violation tickets, which would not have occurred but for the erroneous review and determination of the three land development applications. (*See id.* ¶¶ 29–32, 60–64.)

The Court finds the causes of action against Ruschke are barred under the doctrine of claim preclusion. Review of the public records establishes that the prior complaints alleged causes of action against Ruschke based on his erroneous review and determination of the three land development applications, *see Gage I*, 2022 WL 254599 at *3; *Gage III*, 2024 WL 1076675 at *1–2, which Judge Shipp first dismissed holding the claims to be clearly barred under the doctrine of sovereign immunity, *Gage I*, 2022 WL 254599 at *3; and Judge Kirsch subsequently dismissed with prejudice holding the claims to be clearly barred under the doctrine of *res judicata*, *Gage III*, 2024 WL 1076675 at *1–2. On October 22, 2024, Judge Kirsch denied Gage's motion for extension of time to file an appeal and the dismissal with prejudice became a final judgment as a matter of law. *See generally Gage IV*, 2024 WL 4544366; *see also Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 611 (3d Cir. 2020) (stating "[a] dismissal with prejudice 'operates as an adjudication on the merits,' so it ordinarily precludes future claims" (quoting *Landon v. Hunt*, 977 F.2d 829, 832–33 (3d Cir. 1992))); *Grossberger v. Saldutti*, 834 F. Supp. 2d 209, 214 (D.N.J. 2011) (stating a "dismissal 'with prejudice' is treated as an adjudication of the merits and thus has

15

preclusive effect" (quoting *Fairbank's Capital Corp. v. Milligan*, 234 F. App'x 21, 23 (3d Cir. 2007))); *Bank Leumi USA v. Kloss*, 331 F. Supp. 3d 404, 410 (D.N.J. 2018) (stating "[a] dismissal with prejudice 'constitutes an adjudication on the merits as fully and completely as if the order had been entered after a trial'" (quoting *Dowdell v. Univ. of Med. & Dentistry of N.J.*, 94 F. Supp. 2d 527, 533 (D.N.J. 2000))). Therefore, the Court finds the previous dismissal of the claims against Ruschke with prejudice to be a "final judgment of the merits" for claim preclusion purposes.

The Court also finds that the present action against Ruschke is based on the same cause of action as the prior actions as the claims are derived from the same or related transactions raised in the prior actions. As previously noted, in the prior complaints Gage alleged Ruschke erroneously reviewed the three land development applications and determined the applications to be "incomplete" based on their failure to address certain municipal codes regarding wetlands and critical areas *See Gage I*, 2022 WL 254599 at *3; *Gage III*, 2024 WL 1076675 at *1–2. In this Complaint, Gage alleges the same material facts for the third time (*see* ECF No. 1 ¶¶ 26, 45), but claims the circumstances have since worsened based on the issuance of the zoning violation tickets (*see* ECF No. 25 ¶¶ 29–32, 60–64). Notably, Gage does not claim Ruschke was directly involved in issuing the ticket but rather claims Ruschke indirectly caused the ticket to be issued by erroneously determining the land development applications to be "incomplete." (*See id.* ¶¶ 29–32, 60–64.) The issuance of the zoning violation tickets, however, is merely a development of the prior alleged issue of Gage's inability to complete the land development application. Therefore, to the extent Gage alleges additional facts or claims in the Complaint, the Court finds these facts and claims are merely progressions of the same transaction and should have been brought in the prior proceedings. *See Simoni*, 872 F. Supp. 2d at 388 (barring under claim preclusion all claims brought or could have been brought in the prior action).

Having determined the claims against Rusckhe are barred under the doctrine of claim preclusion, the Court need not consider whether the claims are barred under the doctrine of issue preclusion.

Accordingly, Ruschke's Motion to Dismiss the Complaint is **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE**.

### B.    New Defendants' Motion to Dismiss

New Defendants move to dismiss the Complaint with prejudice based on the doctrine of claim preclusion. (*See* ECF No. 27 at 7–16.) Although not parties to the prior actions, New Defendants argue they individually share sufficient privity with Ruschke to assert same. (*See id.*)

Claim preclusion applies to bar claims brought or could have been brought against named defendants in a prior action or their "privies." *Simoni*, 872 F. Supp. 2d at 388. The Third Circuit has held new defendants are in privity if there exists "a close or significant relationship." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 966 (3d Cir. 1991) (quoting *Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir. 1972)); *see also Lewis v. O'Donnell*, 674 F. App'x 234, 237 n.5 (3d Cir. 2017) (stating privity "is merely a word used to say that the relationship between one who is a party on the record and another is close enough to include that other within the *res judicata*" (quoting *Marran v. Marran*, 376 F.3d 143, 151 (3d Cir. 2004))). The Third Circuit has declined to adopt a formalistic approach to determine whether privity exists under *res judicata* and specifically "enlarged the area of *res judicata* beyond any definable categories of privity between then defendants." *Bruszewski v. United States*, 181 F.2d 419, 422 (3d Cir. 1950). Therefore, the Courts have routinely barred under claim preclusion a plaintiff from bringing an action against new defendants based on the allegation of conspiracy between the new defendants and a defendant in a prior atction. *See Gambocz*, 468 F.2d at 841; *see, e.g.*, *Ouaziz v. Murphy*, Civ. A No. 23-2696,

2024 WL 397708, at *5 (D.N.J. Feb. 2, 2024), *aff'd*, No. 24-1867, 2024 WL 4927256 (3d Cir. Dec. 2, 2024), and *aff'd*, No. 24-1867, 2024 WL 4927256 (3d Cir. Dec. 2, 2024); *Gage III*, 2024 WL 1076675, at *4.

The Court finds the New Defendants share sufficient privity with Ruschke to bar any and all causes of action derived from the same or related transactions raised in the prior actions. Gage alleges Ruschke and the New Defendants were acting together in a conspiracy. (*See, e.g.*, ECF No. 1 ¶¶ 2, 58–59, 69, 82, 117; ECF No. 1-2 at 12–14.) Therefore, by Gage's own allegations there exists a close and significant relationship between Ruschke and New Defendants. *See Gambocz*, 468 F.2d at 841.

The Court also finds that the present action is based on the same cause of action as the prior actions. As previously noted, in the prior complaints Gage alleged Ruschke erroneously reviewed the three land development applications and determined the applications to be "incomplete" based on their failure to address certain municipal codes regarding wetlands and critical areas. *See Gage I*, 2022 WL 254599 at *3; *Gage III*, 2024 WL 1076675 at *1–2. In the present Complaint, Gage alleges individually and collectively the New Defendants have taken 14 Brown Trail without just compensation for purposes of discharging stormwater (ECF No. 1 ¶¶ 67–80, 86–111, 122–33) and have issued and pursued against Gage fraudulent zoning violation tickets because of the "incomplete" applications (*id.* ¶¶ 55–85).

For instance, Gage does not allege that, following the prior actions, New Defendants altered the property of or adjacent to 14 Brown Trail was altered to discharge stormwater onto the property. (*See* ECF No. 1-2 at 78.) Rather, Gage claims the Borough has consistently utilized the rear of the property for stormwater drainage since 2008 (ECF No. 1 ¶ 42), which the record establishes Gage has known since at least October 2020 (ECF No. 1-2 at 8). Furthermore, the

18

record establishes the Board deemed the third land development application as "complete," contingent, in part, on the condition that Gage will not alter the typography of 14 Brown Trail to push the stormwater onto the adjacent properties and permitted Gage to install a pipe to drain and discharge the stormwater from the street to the rear of the property. (*See id.* at 8.) Therefore, the continued use of the property for stormwater drainage is merely a development of the prior alleged issue of Gage's inability to complete the land development application.

Similarly, Gage does not allege the zoning violation tickets were issued distinctly and separately from his inability to complete the land development application. Notably, Gage does not refute the fact that he was utilizing the property as a work lot for storing garbage backs and equipment. (*See generally* ECF No. 1.) Rather, Gage claims the tickets were issued as a result of Ruschke and New Defendants' fraudulent determination that his land development application was "incomplete." (*See* ECF No. 25 ¶¶ 29–32, 60–64; *see also, e.g.*, ECF No. 1-2 at 12–13 (claiming Ruschke, Donegan, and the NJDEP are in a conspiracy to deny the land development application for purposes of inflicting "substantial financial los[s]"); *id.* at 14 (claiming the zoning violation tickets to be in error because the land development application was "completed" contingent on certain conditions, which Gage satisfied as the NJDEP LOI was a "fraudulent document"); *id.* at 17 (claiming the zoning violation tickets to be in error because the Board deemed the land development application "completed" contingent on certain conditions, which Gage satisfied as the conditions were fraudulent and therefore null and void).) Therefore, the issuance of the zoning violation tickets is also merely a development of the prior alleged issue of Gage's inability to complete his land development application.

To the extent Gage alleges additional facts or claims in the Complaint, the Court finds these facts and claims are merely progressions of the same transaction previously brought in the prior proceedings. *See Simoni*, 872 F. Supp. 2d at 388 (barring all claims brought).

Having determined the claims against New Defendants are barred under the doctrine of claim preclusion, the Court need not consider whether the claims are barred under the doctrine of issue preclusion.

Accordingly, New Defendants' Motion to Dismiss the Complaint is **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE**.

### C.    Ruschke's Motion for Sanctions

Ruschke asks the Court to issue sanctions *sua sponte* as the present Complaint is his "strike three," including payment of attorneys' fees "for all three frivolous actions." (ECF No. 12–2 at 11–14.) Ruschke also asks the Court to issue an order precluding barring Gage from filing any further litigations. (*Id.* at 14.) In response, Gage argues sanctions should not be granted as the First Amendment protects the right to petition the Court for. (*See* ECF No. 25 ¶¶ 17–21.)

The Court finds the issuance of sanctions *sua sponte* to be appropriate at this time. Notably, Gage's argument that Ruschke's determination the land development application was "incomplete" violated his constitutional rights has been rejected by this Court time and time again. Judge Shipp dismissed the first Complaint against Ruschke pursuant to his qualified immunity defense on January 27, 2022, *see generally Gage I*, 2022 WL 254599 at *3–4, and denied reconsideration of same on September 28, 2022, *see generally Gage II*, 2022 WL 4540834. Although Judge Shipp declined to impose sanctions at the time, he warned Gage "any future frivolous filings may be met with *sua sponte* sanctions, including payment of opposing counsels' fees." *See id.* at *1 n.1. Additionally, Judge Kirsch dismissed the second Complaint against

Ruschke pursuant to *res judicata* on March 12, 2024, *Gage III*, 2024 WL 1076675 at *3–4, and denied Gage's motion to extend the time to file a notice of appeal on the basis that it would be frivolous on October 22, 2024, *see generally Gage IV*, 2024 WL 4544366. Although Judge Kirsch also declined to impose sanctions at the time, he warned Gage twice that it was his "second strike" and "[i]f there is a third strike, the Court will not hesitate to impose sanctions on [him]." *Id.* at *7 n.9.

The Court finds the present Complaint represents yet another attempt by Gage to re-litigate claims this Court has repeatedly dismissed. Given Judge Kirsch's repeated warnings that sanctions would be imposed if there was a "third strike," it should have been clear to Gage that pursuing his claim against Ruschke further would be frivolous. *See Robinson v. Section 23 Prop. Owner's Ass'n, Inc.*, Civ. A. No. 16-9384, 2018 WL 6630513 at *7 (D.N.J. Dec. 18, 2018). Therefore, the Court finds, in the interests of repose, finality of judgments, protection of defendants from unwarranted harassment, and concern for maintaining order in the Court's docket, Gage is deemed a vexatious litigant and is obligated to pay Ruschke an award of attorneys' fees for the costs of defending this action. The Court, however, finds an injunction against Gage enjoining him from filing any further litigations is not warranted at this time.

Accordingly, Ruschke is **ORDERED** to submit an itemized petition for reasonable attorneys' fees with supporting materials to the Court within 20 days so the Court may determine an appropriate amount of monetary sanctions to be awarded.[7]

---

[7] *See Pettway v. City of Vineland*, Civ. A. No. 13-470, 2015 WL 2344626, at *8 (D.N.J. May 14, 2015).

### D.    Gage's Motion for Default Judgment

Gage moves for default judgment against the Borough arguing it failed to appear within the time prescribed under the Federal Rules of Civil Procedure. (*See generally* ECF No. 29.) On June 3, 2025, a request for an extension of time to answer was filed on behalf of the Borough (ECF No. 14), which this Court subsequently granted requiring the answer to be filed by June 6, 2025 (ECF No. 17). On June 5, 2025, an Answer was filed on behalf of the Borough. (ECF No. 15.) Therefore, the Court finds the Borough appeared within the time prescribed in the Court's order.

Accordingly Gage's Motion for Default Judgment is **DENIED**.

## IV.    CONCLUSION

For the reasons set forth above, Ruschke's Motion to Dismiss is **GRANTED**, New Defendants' Motion to Dismiss is **GRANTED**, Gage's Motion for Default Judgment is **DENIED**, and the Complaint is **DISMISSED WITH PREJUDICE**. The Court also **ORDERS** Ruschke to submit an itemized petition for reasonable attorneys' fees with supporting materials to the Court within 20 days so the Court may determine an appropriate amount of monetary sanctions to be awarded. An appropriate order follows.


**Date: October 6, 2025**                    */s/ Brian R. Martinotti*
                                    **HON. BRIAN R. MARTINOTTI**
                                    **UNITED STATES DISTRICT JUDGE**