**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| THOMAS I. GAGE,<br><br>        Plaintiff,<br><br>v.<br><br>BOROUGH OF HOPATCONG, WILLIAM DONEGAN, PETER A. FICO, MORRIS COUNTY MUNICIPAL JIF, MUNICIPAL EXCESS JIF, and JOHN K. RUSCHKE, P.E.,<br><br>        Defendants. | Case No. 2:25-cv-3696 (BRM) (SDA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are two motions from *pro se* Plaintiff Thomas I. Gage ("Gage"). First is an omnibus "Motion to Vacate Judgment" (ECF Nos. 34, 35)[1] requesting recusal pursuant to 28 U.S.C. §§ 144, 455; transfer of venue pursuant to 28 U.S.C. § 1404(a); and reconsideration of the Court's Order (ECF No. 31) granting Defendants John K. Ruschke, P.E. ("Ruschke"), Borough of Hopatcong (the "Borough"), William Donegan, Municipal Court Judge Peter A. Fico, Morris County Municipal JIF, and Municipal Excess JIF's (collectively, "Defendants") respective Motions to Dismiss (ECF Nos. 12, 27) with prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and denying Gage's Motion for Default Judgment (ECF No. 29) against the Borough (the "Order") pursuant to Local Civil Rule 7.1(i). Defendants did not oppose the "Motion to Vacate Judgement." Gage subsequently filed "More Legal Action" submissions in support of

---

[1] Gage's "Motion to Vacate Judgment" was filed twice. (*See* ECF Nos. 34, 35.) The Motion was initially filed on October 8, 2025. (ECF No. 34.) However, the Motion was timely re-filed to include an erroneously omitted page on October 9, 2025. (ECF No. 35.)

his "Motion to Vacate Judgment." (*See* ECF Nos. 41, 42.) Second is a Motion to Extend Time to File an Appeal pursuant to Rule 4(a)(1). (ECF No. 36.) Ruschke filed an Opposition to Gage's Motion to Extend Time to File an Appeal (ECF No. 37); and Gage filed a Reply (ECF No. 38). No other defendant opposed Gage's Motion to Extend Time to File an Appeal. Also before this Court is Ruschke's application for attorneys' fees and costs in the amount of $9,718.50. (ECF No. 33.)

Having reviewed and considered the submissions filed in connection with the motions and having declined to hold oral argument in accordance with Rule 78(b), for the reasons set forth below and for good cause shown, Gage's request for recusal (ECF Nos. 34, 35) is **DENIED**, Gage's request for transfer of venue (*id.*) is **DENIED**, Gage's request for reconsideration (*id.*) is **DENIED**, Gage's Motion to Extend Time to File an Appeal (ECF No. 36) is **DENIED AS MOOT**, and Ruschke's application for attorneys' fees and costs in the amount of $9,718.50 (ECF No. 33) is **GRANTED**.[2]

## I. BACKGROUND

This matter has a protracted factual and procedural history with which the parties are intimately familiar. (ECF No. 30 at *1–5.) Therefore, the Court incorporates and supplements the relevant factual and procedural background sections set forth in the prior opinions herein.

---

[2] Gage also re-filed his Motion for Default Judgment against the Borough on October 7, 2025. (ECF No. 32.) The legal briefs in support of the initial and second motions for default judgment are generally identical. (*Compare* ECF No. 29, *with* ECF No. 32.) The only substantive difference between the two motions is the order of the exhibits included in support of same. (*Compare* ECF No. 29-1 (listing Borough minutes as supporting exhibits), *and* ECF No. 29-2 (listing Borough agendas as supporting exhibits), *with* ECF No. 32-1 (listing Borough agendas as supporting exhibits), *and* ECF No. 32-2 (listing Borough minutes as supporting exhibits).) Having reviewed and considered the submissions filed in connection with the initial motion for default judgment, and having denied same because an Answer was in fact timely filed on behalf of the Borough (ECF No. 30 at *10), the Court declines to consider the identical second motion for default judgment (ECF No. 32) and Gage's Motion for Default Judgment is **DENIED**.

2

Prior to the present action, Gage filed two previous actions against Ruschke in this District. In the first action, Ruschke moved to dismiss the complaint based on a qualified immunity defense pursuant to Rule 12(b)(6), which was subsequently granted by the Honorable Michael A. Shipp, U.S.D.J. *See generally Gage v. New Jersey Dep't of Env't Prot. ("Gage I")*, Civ. A. No. 21-110763, 2022 WL 254599 (D.N.J. Jan. 27, 2022); *see also Gage v. New Jersey Dep't of Env't Prot. ("Gage II")*, Civ. A. No. 21-10763, 2022 WL 4540834. (D.N.J. Sept. 28, 2022) (declining reconsideration of same). Although Judge Shipp declined to impose sanctions at the time, he warned Gage "any future frivolous filings may be met with *sua sponte* sanctions, including payment of opposing counsels' fees." *See Gage II* at *1 n.1.

In the second action, Ruschke moved to dismiss the complaint under the doctrine of *res judicata* pursuant to Rule 12(b)(6), which was subsequently granted by the Honorable Robert A. Kirsch, U.S.D.J. *See generally Gage v. New Jersey Dep't of Env't Prot. ("Gage III")*, Civ. A. No. 23-21264, 2024 WL 1076675 (D.N.J. Mar. 12, 2024). Gage moved to extend the time to file a notice of appeal, which Judge Kirsch denied for lack of good cause. *See generally Gage v. New Jersey Dep't of Env't Prot. ("Gage IV")*, Civ. A. No. 23-21264, 2024 WL 4544366 (D.N.J. Oct. 22, 2024). Although Judge Kirsch also declined to impose sanctions at the time, like Judge Shipp, he warned Gage it was his "second strike" and "[i]f there is a third strike, the Court will not hesitate to impose sanctions on [him]." *Gage III*, 2024 WL 1076675, at *7 n.9; *accord Gage IV*, 2024 WL 4544366, at *3.

In the present action (ECF No. 1), Ruschke moved to dismiss the Complaint again under the doctrine of *res judicata* pursuant to Rule 12(b)(6) and requested the Court to issue sanctions *sua sponte* pursuant to Rule 11 (ECF No. 12). The remaining defendants, including the Borough, subsequently moved to dismiss the Complaint, in relevant part, under the doctrine of claim

preclusion pursuant to Rule 12(b)(6). (ECF No. 27.) In response, Gage filed oppositions to both motions. (ECF Nos. 25, 28.) Gage also moved for default judgment against the Borough for failing to appear within the time prescribed pursuant to Rule 12(a). (ECF No. 29.)

On October 6, 2025, this Court entered the Order: (1) granting Ruschke's motion to dismiss and dismissing the Complaint under the doctrine of claim preclusion; (2) granting remaining defendants' motion to dismiss the Complaint under the doctrine of claim preclusion; (3) denying Gage's motion for default judgment against the Borough; and (4) awarding *sua sponte* attorney's fees and ordering Ruschke to submit an itemized petition with supporting materials for same within twenty days.[3] (ECF No. 31.)

On October 8, 2025, Gage filed a "Motion to Vacate Judgment." (ECF No. 34; *see also* ECF No. 35 (re-filing the motion to add erroneously omitted page); ECF Nos. 41, 42 (further supplementing the motion).) Construing the motion liberally, the motion effectively requests the following relief: (1) recusal of the undersigned based on the appearance of partiality under 28 U.S.C. § 144[4] (*see, e.g.*, ECF No. 35 ¶ 64); (2) a transfer of venue to the United States District Court for the District of Columbia (*see, e.g.*, *id.* ¶¶ 62, 71); and (3) reconsideration of the Order dismissing the Complaint with prejudice as to all defendants and denying the motion for default judgment against the Borough (*see, e.g.*, *id.* ¶¶ 29, 50, 53). No defendant has opposed the Motion or any of the requests for relief contained within.

On October 19, 2025, Gage filed a Motion to Extend Time to File an Appeal. (ECF No. 36.) Ruschke subsequently filed an Opposition to Gage's Motion to Extend Time to File an Appeal

---

[3] *Gage v. Borough of Hopatcong*, Civ. A. No. 25-3696, 2025 WL 2828416 (D.N.J. Oct. 6, 2025).

[4] Specifically, Gage requested the matter be transferred to the Hon. Renee Marie Bumb, C.J. (*See* ECF No. 34 at 2.)

4

(ECF No. 37); and Gage filed a Reply in response [5] (ECF No. 38). No other defendant has opposed Gage's Motion to Extend Time to File an Appeal.

On October 13, 2025, Joseph McNulty, Esq., filed a Certification of Fees and Costs on behalf of Ruschke with supporting materials requesting attorneys' fees and costs in the amount of $9,718.50 pursuant to Rule of Professional Conduct 1.5(a). (ECF No. 33.) Gage does not appear to oppose the reasonableness of the submitted itemized petition. (*But see* ECF No. 36 at 2 (stating the reasonableness of the proffered attorney's fees "is still pending and is not appealable yet").)

The Court addresses each request for relief in turn.

## II. DECISION

### A. 28 U.S.C. § 144

First, Gage requests recusal of the undersigned based on the appearance of partiality. (*See* ECF No. 35 ¶ 64; *see also id.* ¶¶ 40, 41, 48, 50, 51, 56, 59, 62, 65.) "The two principal statutes which address judicial recusal are 28 U.S.C. §§ 144 and 455." *Copeland v. Twp. of Bellmawr*, Civ. A. No. 17-12104, 2019 WL 494454, at *2 (D.N.J. Feb. 8, 2019). While Gage indicates he seeks recusal under 28 U.S.C. § 455 (*see* ECF Nos. 34, 35), his assertion tracks more closely to the language of 28 U.S.C. § 144. That statute states, in relevant part:

> Whenever a party to any proceeding in a district court *makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party*, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

---

[5] On November 7, 2025, Ruschke filed a response to Gage's Reply for the limited purpose of correcting for the record allegedly baseless accusations in Gage's Reply claiming Ruschke had been "fired" as the Borough Board Engineer & Land Use Engineer for "professional misconduct." (ECF No. 39.) Gage filed a reply to same on November 12, 2025. (ECF No. 40.)

5

28 U.S.C. § 144 (emphasis added). Gage has not filed the necessary affidavit or the requisite certification of counsel in this action (*see generally* ECF No. 35) and, as such, his recusal request may be denied on that basis alone. *See Watson v. Sec'y Penn. Dep't of Corr.*, 567 F. App'x 75, 80 (3d Cir. 2014).

Recognizing Gage's *pro se* status, however, the Court will treat the Motion itself as an affidavit in support of recusal. *See Roudabush v. Pirelli*, Civ. A. No. 14-1923, 2015 WL 5567413, at *4 n.5 (D.N.J. Sept. 22, 2015). The Motion asserts the undersigned "expressed an appearance of partiality" by "pick[ing] [a] side [o]n behalf of all Defendants" and dismissing the "Complaint against all the Defendants." (ECF No. 35 ¶¶ 11, 41, 51.) Judicial rulings alone, however, "almost never constitute a valid basis for a bias or partiality motion . . . . Almost invariably, they are proper grounds for appeal, not for recusal." *United States v. Wecht*, 484 F.3d 194, 218 (3d Cir. 2007) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."). Therefore, as Gage has not presented the Court with anything more than a disagreement with the Court's ruling, the request for recusal is **DENIED**.

      **B.**      **28 U.S.C. § 1404(a)**

Next, Gage requests this action to be transferred to the United States District Court for the District of Columbia. (ECF No. 35 ¶¶ 62, 71; *accord* ECF No. 38 at 4.) A motion to transfer venue is governed by 28 U.S.C. § 1404(a), which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In deciding a motion to transfer, the Court must first determine whether the alternative forum is a

6

proper venue. *Fernandes v. Deutsche Bank Nat'l Tr. Co.*, 157 F. Supp. 3d 383, 389 (D.N.J. 2015); *see* 28 U.S.C. § 1391. Venue is appropriate in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). When a plaintiff has laid a proper venue, "[t]he decision whether to transfer falls in the sound discretion of the trial court." *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 377 (D.N.J. 2000). However, "the burden of establishing the need for transfer . . . rests with the movant." *Jumara v. State Farm Ins.*, 55 F.3d 873, 879 (3d Cir. 1995).

The Court must consider three factors when determining whether to grant a transfer under Section 1404(a): (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. *Liggett Grp., Inc. v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518, 526 (D.N.J. 2000) (citing 28 U.S.C. § 1404(a); *Jumara*, 55 F.3d at 879). These factors are not exclusive and must be applied through a "flexible and individualized analysis . . . made on the unique facts presented in each case." *Id.* at 527 (citations omitted). The first two factors have been refined into a non-exhaustive list of private and public interests that courts should consider. *See Jumara*, 55 F.3d at 879–80.

The private interests a court should consider include:

> (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent the files could not be produced in the alternative forum).

*Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.*, 21 F. Supp. 2d 465, 474 (D.N.J. 1998) (citing *Jumara*, 55 F.3d at 879). The public interests a court should consider include:

> (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* (citing *Jumara*, 55 F.3d at 879–80).

Here, Gage does not argue the District of Columbia is a proper venue. Nor does Gage claim a transfer to the District of Columbia would be convenient for the parties or the witnesses. Rather, Gage limits his request to the argument that transfer is necessary in the interests of justice based on the Court's repeated dismissals of his actions in this venue. (ECF Nos. 34, 38.)

Generally, venue is only appropriate in a judicial district in which either: (1) a defendant resides; or (2) "a substantial part of the events or omissions giving rise to the claim occurred." *See* 28 U.S.C. § 1391(b). As Gage alleges, the Borough of Hopatcong is a municipality government "located in the County of Sussex, N[ew ]J[ersey]." (ECF No. 1 ¶ 5.) Defendants Ruschke and Donegan are municipal officers acting on behalf of the Borough and presumably reside in New Jersey. (*Id.* ¶¶ 6–9); *see also Brooks v. Dardzinski*, Civ. A. No. 14-7474, 2016 WL 6806339, at *3 (D.N.J. Nov. 17, 2016) (finding venue proper in New York because "[p]resumably the defendants, New York police detectives, reside in New York"). Defendant Judge Peter A. Fico is a judge in

8

the Andover Joint Municipal Court, located in Newton, New Jersey. (ECF No. 1 ¶ 10.) Finally, Defendants Morris County Municipal JIF and Municipal Excess Liability JIF are located in Parsippany, New Jersey. (*Id.* ¶ 11.) Additionally, the events giving rise to this action all occurred in New Jersey. (*Id.* ¶¶ 12–135.) Therefore, the Court finds venue is appropriate in New Jersey and Gage has failed to bear his burden to establish the need to transfer this action to another judicial district. *See also Gage v. New Jersey Dep't of Env't Prot.*, Civ. A. No. 22-944, 2023 WL 6292788, at *2 (D.D.C. Sept. 27, 2023) (denying in the second action venue is appropriate in the District of Columbia and transferring the action to the District of New Jersey).

### C.    Local Civil Rule 7.1(i)

While not expressly authorized by the Rules, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Grp., Inc.*, Civ. A. No. 08-01632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010); *see also* L. Civ. R. 1.1(a) (stating the Local Civil Rules supplement the Federal Rules of Civil Procedure and "are applicable in all proceedings when not inconsistent therewith"). "[R]econsideration is an extraordinary remedy[] that is granted 'very sparingly.'" *Brackett v. Ashcroft*, Civ. A. No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Cmty. Org. v. Honeywell Int'l Inc.*, 215 F. Supp. 2d. 482, 507 (D.N.J. 2002)); *accord Langan Eng'g & Env't Servs., Inc. v. Greenwich Ins. Co.*, Civ. A. No. 07-2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008).

A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked[.]" L. Civ.

9

R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule."). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Danise v. Saxon Mortg. Servs. Inc.*, 738 F. App'x 47, 52 (3d Cir. 2018) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court commits clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. A. No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008)). Therefore, a moving party must demonstrate "(1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 352); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Schiano v. MBNA Corp.*, Civ. A. No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will

10

not suffice to show that the Court overlooked relevant facts or controlling law and should be dealt with through the normal appellate process." (citations omitted)).

Here, Gage does not allege an intervening change in the controlling law or the availability of new evidence. (*See generally* ECF No. 35.) Rather, Gage argues the Court should reconsider its Order because: (1) granting Rusckhe's motion to dismiss was inappropriate as the claims against Ruschke were based on new and worsening conditions (*see, e.g.*, *id.* ¶ 53); (2) granting the remaining defendants' motion to dismiss was inappropriate as the claims were not barred under the doctrine of *res judicata* (*see, e.g.*, *id.* ¶ 29); and (3) denying Gage's motion for default judgment against the Borough was inappropriate as there is no record of the Borough having retained an attorney on its behalf in the Borough's agendas or minutes (*see, e.g.*, *id.* ¶ 50).

### 1. Reconsidering the Motions to Dismiss

Gage does not contest Ruschke and the additional defendants are in privity. (*See* ECF Nos. 34, 35.) Therefore, Gage effectively concedes if the present action is barred against Ruschke under the doctrine of claim preclusion, then the action is barred against the additional defendants under same. *See Simoni v. Luciani*, 872 F. Supp. 2d 382, 388 (D.N.J. 2012).

Gage attempts to distinguish the present action from the prior two actions against Ruscke by alleging this action arises not from the denial of the land development application but rather from the subsequently issued zoning violation tickets. (ECF No. 35 ¶ 53.). As this Court previously noted, however, the tickets are merely a consequential, development of the denial of the land development application and, therefore, arise from the same transactions as the prior two actions (ECF No. 30 at 7–8.) To the extent Gage alleges the Complaint is based on an ongoing nuisance—

11

discharged stormwater[6] (ECF No. 35 ¶¶ 22–23, 38–39, 53)—the Court also finds these claims arise from the same transactions as the prior two actions (*see* ECF No. 30 at 9 (finding Gage was aware of the discharged stormwater "since at least October 2020")). Accordingly, the factual allegations underlying the present action arise from the same allegations as the prior two actions and, as such, the present action is barred against both Ruschke and his "privies"—the additional defendants—under the doctrine of claim preclusion. *See Simoni*, 872 F. Supp. 2d at 388.

Based on the foregoing, the Court finds Gage has failed to demonstrate the Order dismissing the Complaint with prejudice under the doctrine of claim preclusion either was without support in the record or would result in manifest injustice if not reconsidered. *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 ("Mere disagreement with the Court's decision does not suffice." (internal quotation marks omitted) (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 352)). Accordingly, Gage's request to reconsider the Order granting Defendants' respective Motions to Dismiss and dismissing the Complaint with prejudice is **DENIED**.

### 2.    Reconsidering the Motions for Default Judgment

Gage argues the Court should reconsider its denial of Gage's motion for default judgment against the Borough as there is no record of the Borough having retained an attorney on its behalf

---

[6] In support of his ongoing nuisance claim, Gage relies on *Sheppard v. Township of Frankford*, 617 A.2d 666 (N.J. Super. Ct. App. Div. 1992). (*See, e.g.*, ECF No. 34 ¶¶ 22–23, 38–39, 53.) The circumstances in *Sheppard* are distinguishable from those in the present action as the municipality in *Sheppard* modified the drainage system, which enhanced and sped up the flow of stormwater onto the property, while the plaintiffs were in possession the property. *Id.* at 668. Here, Gage does not allege Defendants modified the drainage system while he has been in possession of the subject property. (*See* ECF No. 30 at 18–19.) Furthermore, Defendants have permitted Gage to alter the alleged drainage system on the condition that the alterations do not result in Gage pushing the stormwater onto the adjacent properties. (*See id.* at 18–19 (citing ECF No. 1-2 at 8).) Therefore, as Defendants have permitted Gage to alter the alleged drainage system, Gage cannot demonstrate any prior modifications to the drainage system has created "an unreasonable interference with the use and enjoyment of [his] land." *See Gourley v. Twp. of Monroe*, No. A-1595-11T2, 2013 WL 68715, at *5 (N.J. Super. Ct. App. Div. Jan. 8, 2013).

in the Borough's agendas or minutes. (*See, e.g.*, ECF No. 35 ¶ 50.) The Court notes, however, the issue of whether the Borough's agendas or minutes references the retaining of counsel in this action impacts neither the authority of counsel to represent the Borough, *see, e.g.*, *Van Deventer v. Twp. of Union*, Civ. A. No. 20-14961, 2021 WL 11636876, at *2 (D.N.J. Feb. 8, 2021) (noting counsel of municipality representative was to be assigned by the Joint Insurance Fund), nor the fact an answer was timely filed on behalf of same (ECF No. 30 at 10).

Accordingly, the Court finds Gage has failed to demonstrate the Order denying the Motion for Default Judgment against the Borough either was without support in the record or would result in manifest injustice if not reconsidered. *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 ("Mere disagreement with the Court's decision does not suffice." (internal quotation marks omitted) (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 352)). Accordingly, Gage's request to reconsider the Order denying Gage's Motion for Default Judgment is **DENIED**.

### D.     Rule 4(a)(1)

Pursuant to Rule 4(a)(1), a party is required to file a notice of appeal within thirty days of the entry of a dispositive order. This time limit is "mandatory and jurisdictional." *Rose v. Baehr*, 790 F. App'x 485, 487 (3d Cir. 2019) (citing *Bowles v. Russell*, 551 U.S. 205, 214 (2007)). If, however, a motion for reconsideration is filed within twenty-eight days of the underlying dispositive order, then the party is required to file the notice of appeal within thirty days of "the entry of the order disposing of the motion for reconsideration." *Id.* (citing Fed. R. App. P. 4(a)(4)(A)(v), (vi)); *see also Nutraceutical Corp. v. Lambert*, 586 U.S. 188, 197 (2019) ("A timely motion for reconsideration filed within a window to appeal does not toll anything; it renders an otherwise final decision of a district court not final for purposes of appeal." (quoting *United States v. Ibarra*, 502 U.S. 1, 6 (1991))). A subsequent motion for reconsideration, however, will not

13

postpone the time to file a notice of appeal. *See Turner v. Evers*, 726 F.2d 112, 114 (3d Cir. 1984); *see also Aybar v. Crispin-Reyes*, 118 F.3d 10, 14 (1st Cir. 1997). Accordingly, a party who fails to file either a notice of appeal or a motion to extend the time to file a notice of appeal within thirty days of the entry of an order disposing of an initial motion for reconsideration will be barred from appealing same. *See Gage IV*, 2024 WL 4544366, at *1 (citing Rule 4(a)).

Here, Gage filed his Motion, including a request for reconsideration, within twenty-eight days of the Order granting dismissal of the Complaint with prejudice. (*Compare* ECF No. 31, *with* ECF No. 36.) As the request for reconsideration is timely, the Order is "not final for purposes of an appeal." *Nutraceutical Corp.*, 586 U.S. at 197 (quoting *Ibarra*, 502 U.S. at 6). Accordingly, Gage's Motion to Extend the Time to File an Appeal of the Order granting Defendants' respective Motions to Dismiss and denying Gage's Motion for Default Judgment against the Borough is **DENIED AS MOOT**. *See Rose*, 790 F. App'x at 487.

### E. Attorneys' Fees

The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of a fee petition. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). To satisfy this burden, the party must submit sufficient evidence in support of the rates claimed and hours worked. *See Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005), *as amended* (Nov. 10, 2005); *see also Keenan v. City of Phila.*, 983 F.2d 459, 473 (3d Cir. 1992) ("The party must submit evidence to support the hours worked and the rates claimed so that the court does not need to speculate as to how the attorneys used their time."). Once the party produces sufficient evidence in support of the fee petition, the burden shifts to the opposing party "to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended." *Apple Corps. Ltd. v. Int'l Collectors Soc'y*, 25 F. Supp. 2d 480, 485 (D.N.J. 1998) (citing *Rode v.*

*Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). If the opposing party "meets its burden of proving that an adjustment is necessary, the court has wide discretion to adjust the attorneys' fee." *Apple Corps.*, 25 F. Supp. 2d at 485 (citation omitted) (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). If, however, the opposing party fails to contest the reasonableness of either the hourly rate or the hours expended, the court may not *sua sponte* adjust the attorneys' fee. *See Rode*, 892 F.2d at 1183 ("The district court cannot decrease a fee award based on factors not raised at all by the adverse party. [However,] [o]nce the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections." (internal quotation marks and citations omitted)); *see also United States ex rel. Palmer v. C&D Techs., Inc.*, 897 F.3d 128, 137 (3d Cir. 2018) ("The prohibition against the reduction of attorneys' fees occurs only when the amount remains 'uncontested' . . . .").

Here, the Court *sua sponte* found the issuance of sanctions against Gage to be appropriate as the present action represented Gage's "third strike"—*i.e.*, third attempt to litigate a cause of action against Ruschke previously determined to be frivolous. *See Gage VI*, 2024 WL 10766785, at *7 n.9 (warning Gage "[i]f there is a third strike, the Court will not hesitate to impose sanctions on [him]"). Therefore, the Court ordered Ruschke to submit an itemized petition with supporting materials for same. (ECF No. 30.)

In response, Ruschke submitted a timely certification of counsel with an itemized breakdown in support of the application for attorneys' fees and costs in the amount of $9,718.50. (*See generally* ECF No. 33.) The Court has reviewed the certification and itemized breakdown of the alleged attorneys' fees and costs and finds the submission sufficiently identifies the rates claimed and hours worked, including a description of the work performed. (*See generally id.*) Furthermore, the Court finds the rates claimed and hours worked to be reasonable and appropriate.

No opposition has been filed in response to same. (*But see* ECF No. 36 at 2 (stating the reasonableness of the proffered attorney's fees "is still pending and is not appealable yet").) Accordingly, Ruschke's application for attorneys' fees and costs in the amount of $9,718.50 (ECF No. 33) is **GRANTED**.

### III. CONCLUSION

For the reasons set forth above, Gage's Motion for Recusal (ECF Nos. 34, 35) is **DENIED**, Gage's Motion to Transfer Venue (*id.*) is **DENIED**, Gage's Motion for Reconsideration (*id.*) is **DENIED**, Gage's Motion to Extend Time to File an Appeal (ECF Nos. 36) is **DENIED AS MOOT**, and Ruschke's application for attorneys' fees and costs in the amount of $9,718.50 (ECF No. 33) is **GRANTED**. An appropriate order follows.

**Date: January 15, 2026**        */s/ Brian R. Martinotti*
                                 **HON. BRIAN R. MARTINOTTI**
                                 **UNITED STATES DISTRICT JUDGE**